IN THE UNITED STATES DISTRICT COURT
FOR WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE ARIAS ORGANIZATION OF GLOBE LIFE-AMERICAN INCOME DIVISION,<br><br>Petitioner,<br><br>vs.<br><br>BRIAN BOEHMKE,<br><br>Respondent. | CIVIL ACTION<br><br>Case No. 2:25-cv-1972 |

## PETITION TO CONFIRM ARBITRATION AWARD

Pursuant to the Federal Arbitration Act ("FAA"), Petitioner The Arias Organization of Globe Life – American Income Division ("Arias Organization[1]") files this Petition to Confirm Arbitration Award against Respondent Brian Boehmke. In support of this Petition to Confirm the December 19, 2024 Arbitration Award ("Arbitration Award"), Arias Organization states the following:

### PARTIES

1. Petitioner Arias Organization is a Pennsylvania limited liability company. Its main business address is 150 Lake Drive, Suite 105, Wexford, Allegheny County, Pennsylvania 15090.

2. Respondent Boehmke is an individual whose last known address is 943 N. Summitview Drive, Gaylord, Otsego County, Michigan 49735-9102.

### JURISDICTION AND VENUE

3. This Court has independent subject-matter jurisdiction over this proceeding because Arias Organization and Boehmke are citizens of different states and the amount demanded by Boehmke in arbitration exceeded $ 75,000. 28 U.S.C. § 1332(a)(1).

---

[1] Formerly, Arias Agencies.

4. This Court has subject-matter jurisdiction over this proceeding also pursuant to Section 9 of the FAA, because the agreement between the parties did not specify a court, and the arbitration award was entered in Pittsburgh, Pennsylvania. 9 U.S.C. § 9; Agent Contract at 4. Boehmke's Agent Contract is attached as Exhibit A.

5. Venue is proper because the Arbitration Award was made in Pittsburgh, Pennsylvania, Allegheny County, within the district of the United States District Court for the Western District of Pennsylvania. 9 U.S.C. § 9.

## BACKGROUND

6. On April 24, 2023, Boehmke[2] filed with the American Arbitration Association ("AAA") a Demand for Arbitration naming Arias Agencies (now Arias Organization), as a Respondent. *Brian Boehmke vs. Arias Agencies, et al.*, AAA Case No. 01-23-0001-8813. Boehmke alleged that he had been misclassified as an independent contractor, and he asserted claims under various laws including the FLSA and state law. Boehmke's Demand is attached as Exhibit B.

7. Boehmke also asserted the same claims against American Income Life Insurance Co. ("AIL"). *See* Exhibit B at 1 ("From September 2018 through August 2021, Claimant, Brian Bohmke (*sic*), has been employed as a life insurance agent by [AIL] and Arias Agencies (collectively, "Respondents")*** Claimant is asserting various legal claims against the Respondents.")

8. Boehmke was represented in arbitration by Attorney Amy Williamson of Pittsburgh.

---

[2] Boehmke's name was misspelled as "Bohmke" in the Demand filed by his attorney. The correct spelling is "Boehmke."

9. The Honorable James T. Giles, retired chief judge of the United States District Court for the Eastern District of Pennsylvania and senior counsel at Blank Rome, Philadelphia, upon agreement of the parties, served as the arbitrator for the proceedings.

10. Discovery in arbitration included the parties exchanging documents and taking depositions.

11. After the close of discovery, Arias Organization moved for partial summary judgment, and AIL moved for summary judgment.

12. The arbitrator dismissed only one count against each respondent. All other counts were the subject of an arbitration hearing. A copy of the Summary Judgment Order is attached as Exhibit C.

13. The three-day in-person arbitration hearing was conducted in Pittsburgh, Pennsylvania.

14. During the hearing, all parties presented live witness testimony and offered documentary evidence.

15. Following the hearing, the parties submitted post-hearing briefs.

16. On December 19, 2024, the Arbitrator issued a reasoned arbitration award finding against Boehmke and in favor of Arias Organization (and AIL) on each of Boehmke's claims. A copy of the Arbitration Award is attached as Exhibit D.

17. Also on December 19, 2024, a copy of the Arbitration Award was transmitted by AAA to all parties via electronic mail. A copy of AAA's transmittal is attached as Exhibit E.

18. By the terms of Boehmke's Agent Agreement with AIL (and, by extension, Arias Organization), the FAA governed arbitration in this matter. Ex. A at 3.

19. As set forth above, the Arbitration Award was entered and delivered to the Parties on December 19, 2024.

20. The FAA requires that a party wishing to challenge an arbitration award serve notice of such challenge within three (3) months after the award is filed or delivered. 9 U.S.C. §12.

21. As of the date of this Petition, Boehmke has not served notice to vacate, modify, or correct the Arbitration Award.

22. Under the FAA, Boehmke's time in which to serve notice to vacate, modify, or correct the Arbitration Award has passed.

23. Under the FAA, upon application by a party, the Court is required to confirm and enforce the Arbitrator's decision. *See* 9 U.S.C. § 9 (Unless the Arbitration Award has been vacated, modified or corrected, the court "must grant such an order….").

24. Additionally, the parties agreed, "The arbitrator's findings and award shall be final and binding on the Parties…. Any court having jurisdiction may enter judgment on the award rendered by the arbitrator[ ]." Ex. A at 3.

25. Because Arias Organization satisfied its obligations under the FAA and the contract (Ex. A), the Court must issue an order confirming the Arbitration Award.

26. Boehmke's counsel was notified (on April 22, 2025) that on or after April 28, 2025, Arias Organization intended to file to confirm the arbitration award. Email dated April 22, 2025, attached as Exhibit F. Boehmke's counsel did not respond.

27. Because the periods to seek to vacate, modify or correct have lapsed, this Court is statutorily required to confirm the arbitration award and enter judgment in favor of Arias Organization.

**WHEREFORE**, Arias Organization respectfully requests judgment in its favor as follows:

(a) Confirming in all respects the Arbitration Award issued in the arbitration captioned *Brian Boehmke v. Arias Agencies, et al.*, Case No. 01-23-0001-8813;

(b) Entering final judgment; and

(c) Granting such other relief as the Court finds proper.

Dated: December 18, 2025

Respectfully Submitted,
STRASSBURGER McKENNA GUTNICK & GEFSKY

By: /s/Erica L. Laughlin
Erica Laughlin
PA I.D. 92849

Jean E. Novak
PA I.D. 69490

Four Gateway Center, Suite 2200
444 Liberty Avenue
Pittsburgh, PA 15222
Telephone: (412) 281-5423
Facsimile: (412) 281-8264
elaughlin@smgglaw.com
jnovak@smgglaw.com

*Attorneys for Petitioner THE ARIAS ORGANIZATION OF GLOBE LIFE- AMERICAN INCOME DIVISION*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing **PETITION TO CONFIRM ARBITRATION AWARD** was served by Email this 18th day of December, 2025, on the following:

Amy N. Williamson, Esquire
WILLIAMSON LAW LLC
355 Parkway Drive
Pittsburgh, PA 15228
awilliamson@awilliamsonlaw.com
*Counsel for Respondent Brian Boehmke*

STRASSBURGER McKENNA GUTNICK
& GEFSKY


/s/Erica L. Laughlin
Erica L. Laughlin
Jean E. Novak